Xie v. Garland

BIA
Bither, IJ
A206 582 110

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand twenty-three.

PRESENT:
>        DEBRA ANN LIVINGSTON,
>             *Chief Judge,*
>        JOHN M. WALKER, JR.,
>        ALISON J. NATHAN,
>             *Circuit Judges.*

_____

CHUN XIE,
>        *Petitioner,*

>        v.                                    20-2216
>                                              NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:           Jim Li, Esq., Flushing, NY.

FOR RESPONDENT:           Brian M. Boynton, Acting
                          Assistant Attorney General;
                          Bernard A. Joseph, Senior

Litigation Counsel; Enitan O. Otunla, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chun Xie, a native and citizen of the People's Republic of China, seeks review of a June 25, 2020, decision of the BIA affirming an April 16, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chun Xie*, No. A206-582-110 (B.I.A. June 25, 2020), *aff'g* No. A206-582-110 (Immig. Ct. N.Y. City Apr. 16, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, *i.e.*, minus the adverse credibility determination that the BIA did not reach. *See Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless

2

any reasonable adjudicator would be compelled to conclude to the contrary[.]"); *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for substantial evidence and questions of law *de novo*).

To establish eligibility for asylum and withholding of removal, an applicant must establish past persecution or a well-founded fear or likelihood of future persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b).  In order to establish persecution on account of political opinion, "[t]he applicat[ion] must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief."  *Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005).  "[O]pposition to endemic corruption or extortion, no less than opposition to other government practices or policies, may have a political dimension when it transcends mere self-protection and represents a challenge to the legitimacy or authority of the ruling regime."  *Id.* at 547–48.

The agency did not err in concluding that Xie failed to establish that village cadres harmed him on account of an anti-corruption political opinion because he testified that they beat him after he engaged in a verbal argument with the village head over a personal land dispute. *See id.* And he did not provide any testimony from which to infer that government officials believed his complaints were for any reason other than to protect his own interest. *See id.* Accordingly, the agency did not err in denying asylum and withholding of removal for failure to show a nexus to a protected ground as required for asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

The agency also did not err in denying CAT relief. Unlike asylum and withholding, CAT relief does not require a nexus to a protected ground. *See* 8 C.F.R. §§ 1208.16(c), 1208.17. To obtain CAT relief, an applicant must show that it is "more likely than not" that he will be tortured. 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a). To show that torture is "more likely than not," an applicant "must establish that there is greater than a fifty percent chance . . . that he will be tortured upon return to his . . . country of origin." *Wang v. Ashcroft*, 320 F.3d 130, 144 n.20 (2d Cir. 2003).

4

First, contrary to Xie's contention, the IJ denied CAT relief on both credibility and burden grounds and thus the BIA did not err in affirming the denial of CAT on burden grounds alone. Second, Xie did not satisfy his burden of proof because he did not allege that he faces torture, testifying only that, if he returns to his village, he will be unable to retake possession of the government-owned farmland that he previously occupied. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a); *see also Wang*, 320 F.3d at 144 n.20; *cf. Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
